FRANCES P. CARROLL, by her trustee, plaintiff in error, vs. DOUGLASS CARROLL, defendant in error.

Though a limination over in a will is void as against the statute prohibiting entails, yet a provision that the property shall be in a trustee for the sole use and benefit of the daughter and her bodily heirs, and prohibiting its sale for any other cause and purposes, is good and effectual as to the separate estate created thereby for the daughter and the husband cannot dispose of it.

In Equity, from Henry county. Decision on demurrer by Judge CABINESS, at October Term, 1857.

This was a bill filed by Francis P. Carroll, (by her trustee Isaac J. Hartsfield) against Douglass Carroll, her husband, to restrain him from selling and disposing of certain slaves, or removing them from the State, and to compel him to account for one which he had sold, &c.

The bill states that said slaves were bequeathed to said Frances P. by the will of her father, for her sole and separate use, and that defendant since his marriage with complainant has had possesssion of said slaves and asserts an absolute and unconditional title in and to the same.

The following is the clause of the will of Godfrey Hartsfield, deceased, the father of complainant, and under which she sets up an interest in and to said slaves, notwithstanding her coverture.

"*Item 5.* I will to my son Isaac, J, as trustee for each of my daughters, to-wit: Caroline E. Everett, Sarah E. Maddox, and *Frances Phelina*, and her bodily heirs, each one, tenth share of my negroes and proceeds of sale of my real and personal property as mentioned in item the third, which several shares as willed to said Isaac as trustee aforesaid, I bequeath for the sole benefit and use of my said daughters and their bodily heirs as before specified, disallowing the sale or transfer thereof, for any other cause or purpose than that herein mentioned."

To this bill, the defendant demurred, upon the ground that by the clause in said will cited, the property bequeathed vested absolutely in said Frances P., and upon her marriage with defendant he became absolute owner thereof.

The Court, after argument sustained the demurrer and dismissed complainants bill, to which decision counsel for complainant except.

DOYAL & NOLAN, for plaintiff in error.

CLARK & LAMAR, *contra.*

Elder vs. Whitehead.

*By the Court.*— McDonald, J. delivering the opinion.

The presiding Judge in the Court below sustained the demurrer, and dismissed the bill on the ground "that the clause of the will, on which the bill is filed conevys an estate tail." We do not disagree with the Court below in regard to the kind of estate created, or attempted to be created by this will. The testator intended to give to his daughter and her bodily heirs, the negroes which she derived from his estate; and to settle her interest on her, separate and apart from her husband, He intended that she should take a life estate only. The limitation over being void, however, her life estate in the negroes was enlarged into an absolute estate. But the enlargement of her estate, did not destroy her right to maintain the trust for her sole use and benefit, and to enforce this prohibition in the will, that the property should not be sold for any other cause or purpose. The husband who has sold one of the negroes should be held to account for his value and to find sureties against the sale or appropriation of the proceeds of the hire or labor of the others, otherwise than is provided for in said will, and the bill ought to have been retained for that purpose.

Judgment reversed.